# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LUQMAN ABDULLAH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> METRO POLICE OFFICER JAREN ) <br> BREECE, METRO VICE OFFICER ) <br> JOSHUA MAUZY, JUDGE BELL, ) <br> HOWARD GENTRY, Criminal Clerk, ) <br> LAKISHA GREEN, Deputy Clerk, ) <br> ) <br> Respondents. ) | NO. 3:17-cv-01558 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM OPINION

Before the Court is Petitioner Luqman Abdullah's Petition for Writ of Habeas Corpus. (Doc. No. 1.) For the reasons set forth herein, the Petition will be dismissed.

### I. Factual Allegations

Petitioner names as respondents Metro Nashville police officers Jaren Reece and Joshua Mauzy, Davidson County Criminal Court Judge Bell, Criminal Court Clerk Howard Gentry, and Criminal Court Deputy Clerk Lakisha Green. He asserts that his right to due process was violated when he was stopped and detained without probable cause by Breece in May 2016 and improperly propositioned by Mauzy. He alleges that he was taken into custody for possession of four Ecstasy pills that were actually Tylenol.

The case was bound over to the grand jury without Plaintiff's ever having spoken to his attorney. Plaintiff believes his counsel is ineffective.

In June 2017, Petitioner went to the Davidson County Criminal Court Clerk's Office to seek expungement of certain convictions on his record. His expungements are taking an

unnecessarily long time. He was told by Criminal Court Clerk Howard Gentry that Gentry personally was holding up the expungements so that Petitioner could be tried as a felon on his pending charges. Petitioner claims that Gentry offered to accept a bribe in exchange for processing the expungements.

Petitioner asks this Court to Order Criminal Court Judge Cheryl Blackburn, who is not named as a respondent, to dismiss the charges pending against him as a miscarriage of justice, to "order the State court to turn over the time that the dog was called for and what time the K-9 dog answered," or to hold a hearing in federal court to ensure he has a full and fair hearing. (Doc. No. 1, at 3.) He also seeks leave to file a "Motion for interrogatory in this matter." (Id.)

## II. Analysis

Because Petitioner does not allege that he is in custody pursuant to the judgment of a state court, the Court construes the petition as having been filed under 28 U.S.C. § 2241 rather than under § 2254. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, which may also apply to petitions under § 2241, *see* Rule 1(b), Rules Gov'g § 2254 Cases, the Court will conduct a preliminary review of the petition.

Under 28 U.S.C. § 2241(c), the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody . . . or is committed for trial before some court [of the United States]." Although Petitioner does not allege that he is incarcerated, he does suggest that he is under indictment and that criminal charges remain pending against him. Persons released on bond are "in custody" for purposes of the habeas statute. Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). It therefore appears that Petitioner may satisfy § 2241's "in custody" requirement.

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state

2

pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. Phillips v. Hamilton Cnty. Ct. of Common Pleas, 668 F.3d 804, 809 (6th Cir. 2012). Here, Petitioner alleges that he was arrested in violation of his Fourth Amendment rights and that various other constitutional deprivations have occurred, but he does not actually allege that he is in custody in violation of his rights. Moreover, the named respondents are not appropriate respondents to a habeas petition: they are not charged with Petitioner's custody, and it plainly appears from the petition that they are not in a position to provide habeas relief. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). In short, the habeas petition fails to state a claim for habeas relief from respondents capable of providing such relief.

Even if that were not the case, Petitioner does not allege that he has exhausted his state-court remedies. Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under § 2241 is not a statutory requirement. Compare 28 U.S.C. § 2254(b)(1)(A), with id. § 2241. The Sixth Circuit has nonetheless recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" Phillips, 668 F.3d at 810 n.4 (quoting United States ex rel. Scranton v. New York, 532 F.2d 292, 294 (2d Cir. 1976)). Thus, even those habeas petitioners proceeding under § 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." Phillips, 668 F.3d at 810 (citing Klein v. Leis, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).[1]

---

[1] The only regularly recognized exceptions to the complete-exhaustion rule for § 2241 petitions brought by pretrial detainees are for claims that a prosecution violates the Double Jeopardy Clause, see, e.g., Phillips, 668 F.3d at 810–11, or where a petitioner claims that his

3

Petitioner does not indicate that he has been convicted, so he apparently retains the ability to exhaust state-court remedies prior to trial, for instance by filing appropriate pretrial motions. If his motions are rejected and he is convicted anyway, he will have the ability to appeal the same issues. Dismissal for failure to exhaust is therefore warranted. Accord Riggins v. United States, 199 U.S. 547, 550–51 (1905); Alden v. Kellerman, 224 F. App'x 545, 547 (7th Cir. 2007); Smith v. Hall, No. 3:12-CV-1022, 2013 WL 587479, at *3 (M.D. Tenn. Feb. 13, 2013); Brown v. Lieber, No. 1:08-CV-630, 2008 WL 3990973, at *2 (W.D. Mich. Aug. 26, 2008).

Finally, it is also apparent that abstention under Younger v. Harris, 401 U.S. 37 (1971), is appropriate. Courts have generally recognized that Younger applies to applications for the writ of habeas corpus. See, e.g., In re Justices of Superior Ct. Dep't of Mass. Trial Court, 218 F.3d 11, 17–18 (1st Cir. 2000) (applying abstention principles to pretrial habeas petition); Davis v. Lansing, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial habeas petition on abstention grounds). The Younger abstention doctrine requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances. Younger, 401 U.S. at 44; see Jones v. Perkins, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Younger abstention is generally appropriate when three requirements are met: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). When

---

right to a speedy trial has been violated, and the requested relief is an immediate trial. See Braden, 410 U.S. at 488–89. Petitioner does not allege that either circumstance applies here.

these factors are present, abstention is appropriate unless intervention is "absolutely necessary for protection of constitutional rights" and, without federal court intervention, "the danger of irreparable loss is both great and immediate." Younger, 401 U.S. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243 (1926)).

Here, Petitioner is involved in an ongoing state proceeding that implicates Tennessee's important interest in adjudicating alleged criminal conduct. Further, Petitioner still has an adequate opportunity to raise any constitutional challenge based on the invalidity of the his arrest and detention by filing appropriate pretrial motions and by pursuing the issues in a direct appeal of his conviction. Cf. Alden, 224 F. App'x at 547. Petitioner does not allege the existence of extraordinary circumstances in his ongoing state criminal proceedings. If there are any flaws in the state's case against him, Petitioner will have ample opportunity to address them in his state trial and, if necessary, in state appellate and post-conviction proceedings. Thus, Younger abstention is warranted in this case.

For all these reasons, the Petition will be dismissed prior to service on the respondents.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a habeas petitioner, and the petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). "[A] COA does not require a showing that the appeal

will succeed," but courts should not issue a COA as a matter of course. Id. at 337. In this case, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court will decline to issue a COA.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE